DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DARREL RIVIERE, et al., )<br>)<br>Defendants. )<br>) | Criminal Action No. 1996-0077 |

**Attorneys:**
**Joycelyn Hewlett, Esq.,**
St. Thomas, U.S.V.I.
    *For the Government*

**Darrel Riviere,** *Pro Se*
Welch, W.V.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Government's "Motion to Authorize Payment from Inmate Trust Account" ("Motion to Authorize") (Dkt. No. 701), Defendant Darrel Riviere's Response to the Government's Motion to Authorize (Dkt. No. 703), and the Government's Reply (Dkt. No. 704). For the reasons that follow, the Court will grant the Government's Motion to Authorize.

        **I.**        **BACKGROUND**

In its Motion to Authorize, the Government requests that the Court enter an order "authorizing [the Bureau of Prisons ("BOP")] to turn over to the Clerk of Court $1,820 from Defendant's inmate trust account to apply towards his outstanding criminal monetary penalty." (Dkt. No. 701 at 2). The Government explains that Defendant was convicted of two counts of Possession with Intent to Distribute a Controlled Substance, under 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), on June 16, 1997 following a jury trial. *Id.* at 1. Defendant was sentenced to

360 months imprisonment, four years of supervised release and was ordered to pay a fine of $15,000 and a $200 special assessment. (Dkt. No. 704-1 at 2-4). The payment of the "fine and other criminal monetary penalties" was due "in full immediately," and the fine could be "paid through participation in the Inmate Financial [Responsibility] Program [("IFRP")]." *Id.* at 5. The Government states that Defendant is currently incarcerated in Welch, West Virginia, and he had paid $1,870 towards his fine, as of March 9, 2021. (Dkt. No. 701 at 2). In a "Notice to the Court" dated March 4, 2022, the Government advised that Defendant had a balance of $6,027.72 in his inmate trust account and owed $30,537.67 for his fine. (Dkt. No. 705 at 1-2).[1]

## II.   APPLICABLE LEGAL PRINCIPLES

Under 18 U.S.C. § 3613(a), the United States "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Notwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined," with certain exceptions. *Id.* Further, 18 U.S.C. § 3664(n) states that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be

---

[1] The Government states that Defendant owes $30,537.67, which includes interest, because the written Judgment does not waive the interest. (Dkt. Nos. 704 at 1, 705 at 2). Defendant states that he owes $13,125, as reflected in his BOP payment plan, because the fine does not accrue interest based on the Judge's oral pronouncement at sentencing. (Dkt. Nos. 703 at 4-5, 703-2 at 1). The Court has reviewed the Judgment and the contemporaneous minutes for Defendant's sentencing. There is no indication in either document that interest on the fine was waived. *See United States v. Bagdy*, 353 F. App'x 695, 697 (3d Cir. 2009) ("There is a presumption that a defendant 'shall pay interest on any fine or restitution of more than $2,500.' But if a district court 'determines that the defendant does not have the ability to pay interest under this subsection, the court *may* waive the requirement for interest.'" (emphasis in original) (internal citation omitted) (quoting 18 U.S.C. § 3612(f)(1), (f)(3)(A))).

required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

### III.  DISCUSSION

The Government argues that: (1) it "is not required to rely upon other formal collection remedies such as garnishment or execution"; (2) it has a valid lien on the money in Defendant's inmate trust fund account; and (3) "because the property is cash, it does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case." (Dkt. No. 701 at 3) (citing 18 U.S.C. § 3613(a)(1)).[2]

Defendant argues that the Motion to Authorize should not be granted because the Court "does not have the authority to interfere with the BOP's discretion in its administration of the IFRP," and cites to *In re Buddhi*, 658 F.3d 740, 741 (7th Cir. 2011). (Dkt. No. 703 at 4). In *Buddhi*, the Seventh Circuit stated:

> The Attorney General rather than the courts 'shall be responsible for collection of an unpaid fine or restitution' imposed by a judgment, 18 U.S.C. § 3612(c), and he has delegated his authority to the Bureau of Prisons, 18 U.S.C. § 4042(a)(1), which created the Inmate Financial Responsibility Program to facilitate collection.

*Buddhi*, 658 F.3d at 742. The Seventh Circuit further stated that "courts are not authorized to override the Bureau's discretion about such matters." *Id.* (quoting *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008)).

---

[2] The exempt categories are: (1) "[w]earing apparel and school books"; (2) "[f]uel, provisions, furniture, and personal effects"; (3) "[b]ooks and tools of a trade, business, or profession"; (4) "[u]nemployment benefits"; (5) "[u]ndelivered mail"; (6) "[c]ertain annuity and pension payments"; (7) "[w]orkmen's compensation"; (8) "[j]udgments for support of minor children"; (9) "[c]ertain service-connected disability payments"; and (10) "[a]ssistance under [the] Job Training Partnership Act." *See* 18 U.S.C. § 3613(a)(1) (listing exempt property as that listed in 26 U.S.C. § 6334(a)(1)-(8), (10), (12)).

The Court understands Defendant's argument to be that the IFRP is the exclusive avenue through which he pays his fine, and BOP is the authority when it comes to determining whether an inmate's payments "are commensurate with his/her ability to pay." (Dkt. No. 703 at 3) (quoting *Holmes v. Flournoy*, No. 2:15-cv-112, 2017 U.S. Dist. LEXIS 125309, at *7 (S.D. Ga. Aug. 8, 2017)). Defendant argues that BOP is aware of the money he has in his inmate trust account and has not chosen to raise the amount he pays toward his fine. *Id.* at 4.[3] Thus, Defendant maintains that the Court cannot grant the Motion to Authorize because it lacks authority. *Id.* Defendant also "relies on the court's prudence," in that he will be "62 years of age upon release and at this point homeless." *Id.* at 5. He argues that if the Motion to Authorize is granted, he "will also be penniless." *Id.* According to Defendant, those two factors are likely to lead to recidivism that "will not benefit [Defendant], nor society as a whole." *Id.*

In response, the Government argues that under 18 U.S.C. § 3612(c) "the U.S. Attorney General is responsible for collecting unpaid fines." (Dkt. No. 704 at 1). Further, the Government asserts that it is not interfering with BOP's "discretion to administer" the IFRP but is relying on 18 U.S.C. §§ 3613(c) and 3664(n) to collect Defendant's unpaid fine. *Id.* at 2.

The Court agrees that the Government is "responsible for collection of an unpaid fine" and is using its statutory authority to do so. 18 U.S.C. § 3612(c). Many courts have authorized the relief the Government seeks in this case, and the Court finds those decisions compelling. *See, e.g., United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) (per curiam) (stating that "[p]articipation in the IFRP and compliance with a payment schedule does not 'preclude[] the

---

[3] According to Defendant, various individuals sent money to his account to aid him in his transition upon release from imprisonment. (Dkt. No. 703 at 3-4). He further states that under these circumstances, his Case Manager agreed not to increase the amount Defendant would pay towards his fine. *Id.* at 3.

Government from using other available collection mechanisms to seek payment of monetary penalties,'" and affirming under 18 U.S.C. § 3664(n) the district court's turnover order for restitution from an inmate trust account (quoting *United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017))); *United States v. Norwood*, No. 96-232 (RBK), 2020 U.S. Dist. LEXIS 26814, at *7-*8 (D.N.J. Feb. 18, 2020) (dismissing Defendant's argument that BOP had exclusive authority to collect the defendant's payments under the IFRP; holding that the court had authority to order payment from defendant's inmate trust fund account for outstanding restitution based on 18 U.S.C. §§ 3613(a) and 3664(n); and citing cases in support), *vacated and remanded on other grounds*, 819 F. App'x 124 (3d. Cir. 2020); *United States v. Hester*, No. 10-cr-2967 BTM, 2016 U.S. Dist. LEXIS 32555, at *6 (S.D. Cal. Mar. 14, 2016) (stating that under 18 U.S.C. §§ 3613(c), 3664(m)(1)(A)(i) and 3664(n), "courts have found it appropriate to order the turnover of funds in inmate trust accounts to be applied to restitution" and citing cases in support). Further, based on the amount of money in Defendant's account as of March 2022, the Court finds that the Government's request is appropriate.

Accordingly, the Court will grant the Government's Motion.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion to Authorize Payment from Inmate Trust Account" (Dkt. No. 701) is **GRANTED**; and it is further

**ORDERED** that the Bureau of Prisons is authorized to turnover to the Clerk of Court, and the Clerk of Court shall accept, funds in the amount of $1,820 currently held in the trust account for the following inmate:

Darrel Riviere

Register No. 39155-066

FCI McDowell

Federal Correctional Institution

101 Federal Drive

Welch, WV 24801;

and it is further

**ORDERED** that the Clerk of Court shall apply these funds toward payment for the fine owed by Mr. Riviere in this case; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Defendant by certified mail, return receipt requested.

**SO ORDERED**.

Date:   July 13, 2022

_____/s/_____
WILMA A. LEWIS
District Judge

6